CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
APR 29 2011
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LARRY RICHARDSON, | CASE NO. 7:10CV00023 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner, and his successors, Social Security Administration, | |
| | By: B. Waugh Crigler |
| Defendant. | U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's July 26, 2007 protectively-filed application for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the plaintiff's motion for summary judgment and REMANDING the case to the Commissioner for further proceedings.

In a decision issued on April 17, 2009, an Administrative Law Judge ("Law Judge") found that plaintiff remained insured through December 31, 2011, and that he had not engaged in substantial gainful activity since April 24, 2007, his alleged disability onset date. (R. 12.) The Law Judge determined plaintiff suffered the following severe impairments: degenerative disc disease, status post lumbar spine decompression/fusion, history of headaches and obesity. (Id.)

The Law Judge further determined that plaintiff did not have an impairment or combination of impairments which met or equaled a listed impairment. (*Id.*) The Law Judge was of the belief that he retained the residual functional capacity ("RFC") to perform a full range of sedentary work. (R. 13.) The Law Judge found that this RFC precluded plaintiff from performing his past relevant work as a furniture shipper, but that other jobs exist in substantial numbers in the national economy that he could perform. (R. 20.) Ultimately, the Law Judge found plaintiff was not disabled. (R. 21.)

Plaintiff appealed the Law Judge's April 17, 2009 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of his motion for summary judgment, plaintiff argues that the Law Judge erred by failing to give proper consideration to the opinions offered by two of his treating physicians. (Pl's Brief, pp. 8-12.) Specifically, he contends that the Law Judge erred in discounting opinions offered by Stephen Grubb, M.D. and Ralph Hasspieler, M.D.

The Law Judge outright "rejected" Dr. Grubb's and Dr. Hasspieler's October 2008 assessments. (R. 19.) By the same token, he elected to give the State agency record reviewing physicians "great weight" on the basis that their opinions were consistent with an assessment by Lori Peak, a physical therapist, and what the Law Judge perceived to be plaintiff's treatment history. (*Id.*) The Law Judge's decision to reject the evidence from Drs. Grubb and Hasspieler is not supported by substantial evidence.

Under the regulations and applicable circuit decisional authority, a Law Judge and the Commissioner must consider the following in evaluating and weighing medical opinions: "'(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.'" *Hines v. Barnhart,* 453 F.3d 559, 563 (4th Cir. 2006) (quoting *Johnson v Barnhart,* 434 F.3d 650, 654 (4th Cir. 2005)).

It is a well-established general principle that the evidence of a treating doctor should be accorded greater weight. *Hunter v. Sullivan,* 993 F.2d 31, 35 (4th Cir. 1992). Yet, when that physician's opinion is not supported by the objective medical evidence or is inconsistent with other substantial evidence, it may be given "significantly less weight." *Craig,* 76 F.3d at 590. Moreover, where the evidence is such that reasonable minds could differ as to whether the claimant is disabled, the decision falls to the Law Judge, and ultimately to the Commissioner, to resolve the inconsistencies in the evidence. *Johnson,* 434 F.3d at 653; *Craig,* 76 F.3d at 589.

Dr. Grubb, plaintiff's treating orthopedic surgeon, completed a physical capacities evaluation on October 20, 2008. (R. 308-313.) He found that during an eight-hour workday plaintiff could sit or stand/walk for only one hour. (R. 308.) Dr. Grubb further found that

3

plaintiff suffered fatigue and pain for which there was a reasonable medical cause, and that his fatigue and pain each were independently disabling to the extent they prevented him from working even in a sedentary position. (R. 309-310.) The physician believed that plaintiff's pain and/or the side effects of medication severely affected his attention and concentration. (R. 311.) Finally, Dr. Grubb opined that the effects of plaintiff's pain were marked, such that he would be precluded from performing even unskilled, work-related tasks. (R. 312.)

The Commissioner adopted the Law Judge's finding that Dr. Grubb's opinion concerning plaintiff's disabling limitations was not supported by his own records. In the Commissioner's brief, he argues that Dr. Grubb's examination and treatment notes contradict his October 2008 assessment. (Commissioner's Brief, p. 11.) The Commissioner further argues that plaintiff's post-operative course was "consistently benign," and that Dr. Grubb indicated plaintiff could return to full-time gainful, competitive employment with placement assistance. (*Id.*)

The undersigned believes the Commissioner has mischaracterized the record evidence essentially by selecting only that medical evidence purportedly supporting the decision to reject Grubb's assessment. That selection process fails to pace the evidence in context and amounts to little more than cherry-picking. First, the Commissioner refers to an evaluation by Dr. Grubb in February 2007 as presenting "normal" findings. (*Id.*) However, the undersigned notes that this treating orthopedic surgeon performed L3-4 decompressions with a lateral foraminotomy, L4-5 instrumentation and fusion using right intracortical iliac crest bone graft just two months after he provided this evaluation. (R. 187-189.) In addition, Dr. Grubb found that plaintiff was disabled from all work on numerous occasions during the course of treating plaintiff. For example, on July 9, 2007, he opined that plaintiff was "disabled from all work." (R. 271.) Again on November 2, 2007, Dr. Grubb found that plaintiff was "disabled from all work at this time." (R.

4

268.) As late as May 6, 2008, Dr. Grubb opined that plaintiff "remains disabled from [sic] at this time." (R. 260.) Admittedly, Dr. Grubb qualified his statements that plaintiff was "disabled" at that time by suggesting that the disability might not be permanent should plaintiff receive appropriate vocational retraining or placement assistance, which could return him to gainful and competitive employment. However, the issue before the Law Judge was not what plaintiff potentially could be able to do in the future with sufficient vocational rehabilitation. Rather, the question was whether plaintiff was disabled at that time.

Dr. Grubb's assessment as a treating specialist also is supported by plaintiff's primary care treating physician, Dr. Hasspieler. On October 17, 2008, Dr. Hasspieler confirmed the reasonable likelihood that plaintiff would miss an average of two or more days of work per month due to his medical impairments. (R. 307.) The physician further opined that this limitation had existed since the date plaintiff last worked. (*Id.*)

As noted, the Law Judge elected to give controlling weight to the State agency physicians, in part, because he found their assessments were consistent with that offered by physical therapist, Lori Peak. (R. 19.) Peak evaluated plaintiff on November 7, 2008 and found he had some limitation in unweighted elevated work, standing work, static standing, stairs, six-minute walking test, and sitting. (R. 318-320.) Peak further found plaintiff had significant limitation in the following: forward bending-standing, crouching, and kneeling-half knee. (R. 319.) Peak opined that that plaintiff could perform sedentary work for between four and five hours a day at the levels indicated. (R. 317.) Peak assumed that the plaintiff could have normal breaks, basic ergonomic conditions, and that he not be required to perform the functions she tested for more than 2/3 of a normal working day. (R. 318.)

The undersigned finds that the limitations Peak placed on plaintiff's ability to perform sedentary work fails to support the Law Judge's finding that he can perform a full range of sedentary work for a normal workday. Moreover, the undersigned notes that a physical therapist is not an acceptable medical source. *See* 20 C.F.R. § 404.1513(d)(1) (a physical therapist is not an acceptable medical source, but is qualified to give an opinion regarding the severity of an impairment and the extent to which it impacts a claimant's ability to work).

The undersigned further finds that the Law Judge's reliance on the State agency record reviewing physicians to support his rejection of Drs. Grubb and Hasspieler cannot be sustained. These record reviews were performed **prior** to the critical assessments provided Drs. Grubb and Hasspieler. The State agency physicians did not have benefit of these assessments from plaintiff's two primary treating sources at the time of their record reviews; thus, they fail to qualify as substantial evidence to support the Law Judge's decision.

For all these reasons, the undersigned finds that the Law Judge's decision to reject the opinions offered by Drs. Grubb and Hasspieler was error. Thus, it is RECOMMENDED that an Order enter GRANTING the plaintiff's motion for summary judgment and REMANDING the case to the Commissioner for further proceedings.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed

by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

4/29/11
Date