CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 15 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LARRY RICHARDSON, | ) | Civil Action No. 7:10-cv-00023 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | By: James C. Turk |
| Defendant. | ) | Senior United States District Judge |

The Plaintiff, Larry Richardson, was denied disability benefits by the Commissioner of Social Security ("Commissioner"). Mr. Richardson appealed the decision to this Court, and the matter was referred to United States Magistrate Judge B. Waugh Crigler for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) (2006). On April 29, 2011, the Magistrate Judge recommended that the Court grant the Plaintiff's motion for summary judgment and remand the case to the Commissioner for further proceedings. On May 13, 2011, the Commissioner filed objections to the Magistrate Judge's Report and Recommendations. Mr. Richardson responded to the Commissioner's objections on May 25, 2011. Neither party requested oral argument, and accordingly, the case is now ripe for decision. For the following reasons, the Magistrate Judge's Report and Recommendation will be adopted and the case shall be remanded to the Commissioner to calculate Mr. Richardson's disability benefits.

1

## I.

The Magistrate Judge concluded that the Administrative Law Judge's ("Law Judge") decision to reject the opinions offered by Drs. Grubb and Hasspielier was error and consequently the Commissioner's decision to deny Mr. Richardson disability benefits was not supported by substantial evidence. The Commissioner raises three objections to the Magistrate Judge's Report and Recommendation. First, he argues that the Law Judge appropriately accorded no weight to the opinions of Drs. Grubb and Hasspieler. Second, he contends that the Law Judge properly considered the opinion of physical therapist Lori Peak. Third, he argues that the Magistrate Judge's Report and Recommendation failed to include the results of a consultative examination by Dr. Newell.

## II.

The Court reviews de novo the Magistrate Judge's Report and Recommendation. See 28 U.S.C. § 636(b)(1) (2006). The Court must determine whether the Commissioner's findings are supported by substantial evidence and whether they were reached through the application of the correct legal standards. See 42 U.S.C. § 405(g) (2006); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). As the presiding officer at the administrative hearing, the Law Judge makes factual determinations and resolves evidentiary conflicts. Hines v. Bowman, 872 F.2d 56, 58 (4th Cir. 1989). The Court gives deference to the Law Judge's factual determinations and reviews them only for clear error. Estep v. Richardson, 459 F.2d 1015, 1017 (4th Cir. 1972).

Determining whether a claimant is disabled under 42 U.S.C. § 423(d)(1)(A) (2006) and thus qualifies for social security benefits involves a five-step inquiry. Walls v. Barnhart, 296

F.3d 287, 290 (4th Cir. 2002). This inquiry asks whether the claimant (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his or her past relevant work; and if not, (5) whether he or she can perform other work. Heckler v. Campbell, 461 U.S. 458, 460-462 (1983); Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). If the Commissioner conclusively finds the claimant "disabled" or "not disabled" at any point in the five-step process, he does not proceed to the next step. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Once the claimant has established a prima facie case for disability, the burden shifts to the Commissioner to establish that the claimant possesses the residual functional capacity ("RFC"), considering the claimant's age, education, work experience, and impairments, to perform alternative work that exists in the local and national economies. 42 U.S.C. § 423(d)(2)(A) (2006); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

### III.

After conducting a de novo review of the record in this case, the Court accepts the Magistrate Judge's Report and Recommendation and finds that the Commissioner's final decision is not supported by substantial evidence. In making this finding, the Court overrules the Commissioner's objections to the Report and Recommendation. These objections are addressed in turn below.

A. The Law Judge Appropriately Accorded No Weight to the Opinions of Drs. Hasspieler and Grubb

The Commissioner argues that the Law Judge correctly discounted the opinions of Drs. Hasspieler and Grubb. The crux of the Commissioner's argument is that the Law Judge was reasonable to afford no significant weight to the opinions of Drs. Hasspieler and Grubb because

3

although they are treating physicians, whose opinions are generally afforded greater weight, 20 C.F.R. § 404.1527(d)(2) (2010), here the opinions of Drs. Hasspieler and Grubb were neither supported nor consistent with the record as a whole. Id. The Report and Recommendation explicitly rejects this argument, instead finding that the Law Judge's decision to reject the opinions offered by Drs. Grubb and Hasspieler was error. This Court adopts the findings of the Report and Recommendation.

Under Fourth Circuit precedent, a Law Judge and the Commissioner must consider the following factors when evaluating and weighing medical opinions: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir. 2006) (quoting Johnson, 434 F.3d at 654). Moreover, it is well-established that the opinion of a treating physician should be accorded greater weight, Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992), unless the opinion is not supported by the objective medical evidence or is inconsistent with other substantial evidence. Craig v. Charter, 76 F.3d 585, 590 (4th Cir. 1996). If the treating physician's opinion is not supported or otherwise inconsistent it may be given "significantly less weight." Id.

After a thorough review of the record, this Court agrees with the Magistrate Judge that the Commissioner mischaracterized the record evidence by focusing only on that medical evidence in the record supporting the Law Judge's decision to reject the opinions of Drs. Grubb and Hasspieler. The Physical Capacities Evaluation completed by Dr. Grubb on October 20, 2008, reported that Mr. Richardson could sit for one hour a day and stand/walk for one hour a day and that he would need opportunities to alternate between sitting and standing at will

4

throughout the day. (R. 308). Additionally, Dr. Grubb concluded that Mr. Richardson's level of pain, for which there was a reasonable medical basis, was sufficiently disabling so as to prevent Mr. Richardson from working full time, even in a sedentary position. (R. 310). This evaluation is consistent with earlier evaluations performed by Dr. Grubb, as detailed below.

On April 24, 2007, Dr. Grubb performed a L3-L4 decompression with a lateral L4-L5 foraminotomy, and L4-L5 instrumentation and fusion using a right iliac crest bone graft. At a post-operative visit on July 9, 2007, although Mr. Richardson reported being "much improved over his pre-op condition," he also noted suffering from "an increase in pain in the right buttock and posterior thigh." (R. 190). At a subsequent visit on November 2, 2007, Mr. Richardson reported increased low back, left buttock, and left leg pain starting in July 2007, after he suffered a fall. He reported that the pain was aggravated by standing, walking, and bending, but alleviated by lying down, medication, sitting, and changes of position. Additionally, Mr. Richardson reported intermittent tingling in his left foot. (R. 241). On February 7, 2008, Mr. Richardson visited Dr. Grubb and reported a "flare up of pain two weeks ago due to no specific incident which has settled back down now but he continues to have this pain." (R. 262). Dr. Grubb also noted that Mr. Richardson's symptoms had worsened since his last visit. Id. On May 6, 2008, Mr. Richardson reported experiencing low back pain, left buttock pain, and left leg pain. He again noted that the pain was aggravated by standing, walking, bending, and prolonged activities. (R. 259).

Second, Dr. Hasspieler's opinions are supported by medical evidence and consistent with those of Dr. Grubb. On June 18, 2008, Mr. Richardson visited his primary care physician, Dr. Hasspieler. Dr. Hasspieler's notes indicate that Mr. Richardson reported "having significant pain in the lower back and left leg" as well as "some shoulder discomfort, numbness in his hands...."

5

(R. 299). Subsequently, on October 17, 2008, Dr. Hasspieler concluded that Mr. Richardson would likely miss an average of two or more days of work per month as a result of his medical condition. (R. 307).

The Law Judge did not include the reports of post-operative pain by Drs. Hasspieler and Grubb in her decision. (R. 10-21). Instead, the Law Judge's opinion focuses on the positive aspects of Mr. Richardson's recovery and, as the Magistrate Judge noted, the Law Judge failed to place that evidence in its proper context. (Rep't and Rec. at 4). Additionally, the Law Judge gave "great weight to the opinions of State Agency reviewing physicians" who had not personally examined Mr. Richardson. (R.19). The State Agency reviewing physicians' record reviews were performed prior to the final assessments by Drs. Hasspieler and Grubb, (R. 15-16), and thus did not have the benefit of these assessments. Record reviews are of little value when the record is incomplete, as it was here. Consequently, the opinions of the State Agency reviewing physicians ought to have been accorded less weight than the opinions of Mr. Richardson's treating physicians. Craig, 76 F.3d at 590 ("If we find that a treating source's opinion on the issue(s) of the nature and severity of [the] impairment(s) is well supported by medically acceptable *clinical and laboratory diagnostic techniques* and is *not inconsistent with the other substantial evidence* in [the] case record, we will give it controlling weight."). The opinions of Mr. Richardson's treating physicians, Drs. Hasspieler and Grubb, ought to have been accorded controlling weight by the Law Judge.

B.   The Law Judge Appropriately Considered the Opinion of Lori Peak

The Commissioner asserts that the Law Judge properly considered the opinion of physical therapist Lori Peak in reaching her decision that Mr. Richardson was not entitled to disability benefits. Specifically, the Law Judge used the fact that the opinions of the State

6

Agency reviewing physicians were consistent with Peak's opinion to support her decision to afford "great weight" to the opinions of the State Agency reviewing physicians. (R.19). In doing so, the Law Judge misinterpreted Peak's evaluation. The decision says Peak found that "despite the claimant's limitations he would be capable of performing sedentary work." (R. 18). However, Peak clearly concluded that Mr. Richardson "does not demonstrate the ability to maintain a full-time eight-hour workday." (R. 325). Peak's evaluation states that it "is based on assumptions including normal breaks, basic ergonomic conditions and that the tested functions are not required more than 2/3 of a normal working day." (R. 318). The evaluation found that Mr. Richardson showed some limitations with regard to "standing work," "static standing," and "sitting," noting specifically that Mr. Richardson experienced "[i]ncreased pain and decreased LE and trunk strength/endurance" while doing standing work, "[f]requently has to lean on a support surface, and has frequent weight shifting" while static standing, and "[w]as noted to only sit for approximately 15 minutes at a time." (R. 319-20). Additionally Peak noted that with regard to the use of his hands, Mr. Richardson demonstrates "poor in-hand manipulation and complains of having decreased sensation in his hands." (R. 321). Peak summarized her findings noting that Mr. Richardson's combined ability for sitting, standing, and walking is 2 hours 45 minutes to 5 hours per day and that "[h]e would only be able to maintain a seated position for 15-25 minutes at a time and would require frequent changes of position." Id. Finally, Peak stated that her "[f]indings were consistent throughout the exam, and limitations seen during musculoskeletal exam correlated with those seen during activity session.... Pain complaints coincided with objective signs such as increased respiration and heart rate, accessory muscle recruitment, and deteriorating gate or posture." Id.

C.  The Report and Recommendation Failed to Include the Results of Dr. Newell's Examination

The Commissioner objects that the Magistrate Judge failed to include the results of a consultative examination conducted by Dr. Newell in April 2008, which the Commissioner asserts provided additional support for the Law Judge's decision to deny Mr. Richardson's claim. As an initial matter, it does not appear that the Law Judge assigned Dr. Newell's findings significant weight. (R. 18). Unlike the findings of the State Agency reviewing physicians to which the Law Judge explicitly assigned "great weight" – and mentions in the penultimate paragraph of the discussion that finds Mr. Richardson was able to perform sedentary work, (R. 19) – the Law Judge does not mention Dr. Newell's conclusions, thereby implying she accorded them no significant weight.

Second, this Court does not believe Dr. Newell's findings, even if they had been afforded significant weight, constitute substantial evidence. Dr. Newell examined Mr. Richardson on one occasion only, April 21, 2008. (R. 244). His "functional assessment" concluded that the "number of hours that the claimant can stand and walk in an 8-hour workday is about 6 hours" and that the "number of hours he can sit in an 8-hour workday is about 6 hours." (R. 248). Additionally, he concluded that Mr. Richardson showed "no manipulative limitations." Id. From these conclusions alone, which are not further explained, it is unclear whether Dr. Newell believed Mr. Richardson was capable of working a full 8-hour day. Additionally, even if Dr. Newell had intended to conclude Mr. Richardson was capable of working a full 8-hour day, this conclusion is contradicted by the evidence presented by Drs. Hasspieler and Grubb, Mr. Richardson's treating physicians, and physical therapist Lori Peak's evaluation. Accordingly, Dr. Newell's conclusions do not meet the substantial evidence standard. See Millner v.

Schweiker, 725 F.2d 243, 245 (4th Cir. 1984) (noting a report of a physician is not substantial evidence when contradicted by other evidence in the record).

## IV.

The factual determination required of this Court, in determining whether to award Mr. Mr. Richardson disability benefits, is whether the Plaintiff is disabled from all forms of substantial gainful employment. See 42 U.S.C. §§ 432(d)(2). The Court must consider four elements when making such an analysis: (1) objective medical facts and clinical findings; (2) opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159–60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

This Court finds the testimony of the vocational expert, Ann Marie Cash, to be persuasive evidence in support of this Court's decision to award benefits and remand the case for calculation of Mr. Richardson's disability benefits. Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989) ("[F]or a vocational expert's opinion to be relevant or helpful, it must be based upon consideration of all other evidence in the record and it must be in response to proper hypothetical questions which fairly set out all the claimant's impairments."). The Law Judge referred Cash to "medical source statements" from Drs. Hasspieler and Grubb and asked Cash to assume that those opinions were "supported by the objective medical evidence and that the medical evidence that is in the record is not subject to significant contradiction." (R. 41). The Law Judge then asked "Given the claimant's age, education and past work experience ... would there be other jobs in the US or regional economy that such a person could perform?" Id. Cash replied that there were no jobs the claimant could perform. Id. This Court has found that the opinions of Drs.

9

Hasspieler and Grubb were entitled to controlling weight. See supra Section III.A. Accordingly, based on the vocational expert's testimony, there are no jobs in the national economy that Mr. Richardson could perform. Mr. Richardson has met the burden of proof to establish that he became disabled from all forms of substantial gainful employment as of April 24, 2007.

V.

After a de novo review of the record, the Court finds that the Law Judge's decision was not supported by substantial evidence. The Court finds that Mr. Richardson has met the burden of proof in establishing that he became disabled for all forms of substantial gainful employment, as of April 24, 2007. Accordingly, the Court adopts the Magistrate Judge's Report and Recommendation, overrules the Commissioner's objections, and remands the case for calculation of Mr. Richardson's disability benefits. An appropriate order shall this day issue.

The clerk is directed to send copies of this Memorandum Opinion and accompanying Order to all counsel or record.

ENTER: This 15th day of September, 2011.

/s/ James C. Turk
Senior United States District Judge